FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 03, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LISA S., O/B/O,
R.S., A MINOR CHILD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 4:18-CV-05039-RHW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS**

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 14, 15. Plaintiff brings this action on behalf of her minor child, R.S., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied R.S.'s application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 1**

for Summary Judgment in part and remands for additional proceedings consistent with this order.

## I. Jurisdiction

Plaintiff filed an application for Supplemental Security Income on behalf of her minor child R.S., on October 15, 2013, AR 201-10, alleging onset of disability on November 1, 2008. AR 201. The application was initially denied on March 10, 2014, AR 116-18, and on reconsideration on July 8, 2014, AR 124-30. A hearing with Administrative Law Judge ("ALJ") Moira Ausems, was held on February 10, 2016. AR 66-95. On November 2, 2016, the ALJ issued a decision finding R.S. ineligible for disability benefits. AR 18-36. The Appeals Council denied Plaintiff's request for review on January 5, 2018, AR 1-3, making the ALJ's ruling the "final decision" of the Commissioner. Plaintiff timely filed the present action challenging the denial of benefits, on March 9, 2018. ECF No. 1. Accordingly, R.S.'s claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Administration has established a three-step sequential evaluation process to determine whether a child (an individual under the age of 18) qualifies for disability benefits. 20 C.F.R. § 416.924(a).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 416.972(a). Substantial gainful activity is defined as

significant physical or mental activities done or usually done for profit. 20 C.F.R. § 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. § 416.924(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a medically determinable impairment that is severe, or combination of impairments that is severe. 20 C.F.R. § 416.924(a). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. For an individual who has not attained age 18, a medically determinable impairment or combinations of impairments is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. § 416.924(c). If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluation is required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether the claimant has an impairment or combination of impairments that "meets, medically equals, or functionally equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe. 20 C.F.R. § 416.924(a). In making this determination, the ALJ must consider the combined effect of all medically determinable impairments, even those that are not severe. 20 C.F.R. §§ 416.923;

416.924a(b)(4); 416.926a(a),(c). If the impairment or combination of impairments meets or equals, or functionally equals one of the listed impairments, and it has lasted or is expected to last for a continuous period of at least 12 months, the claimant is presumed disabled and qualifies for benefits. 20 C.F.R. § 416.924(d). If not, the claimant is not disabled and does not qualify for benefits. *Id.*

In determining whether a claimant's combination of impairments functionally equals the listings requires an assessment of the claimant's limitations in six broad areas of functioning called domains. 20 C.F.R. § 416.926a(b)(1). The six domains for children are: (1) "Acquiring and Using Information," (2) "Attending and Completing Tasks," (3) "Interacting and Relating with Others," (4) "Moving About and Manipulating Objects," (5) "Caring for Yourself," and (6) "Health and Physical Well-being." 20 C.F.R. § 416.926a(b)(1)(i-vi). In making this assessment, the ALJ must compare how appropriately, effectively, and independently the claimant performs activities compared to the performance of other children of the same age who do not have impairments. 20 C.F.R. § 416.926a(b). The claimant's combination of impairments will be found to functionally equal the listings if the claimant has "marked" limitations in at least two of the domains or if the claimant has "extreme" limitations in any one of the six domains. 20 C.F.R. § 416.926a(d).

The claimant will be found to have "marked" limitations when his combination of impairments seriously interferes with the claimant's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). The claimant's "day-to-day functioning may be seriously limited when [the claimant's] impairment(s) limit only one activity or when the interactive and cumulative effects of [the claimant's] impairment(s) limit several activities." *Id*. A "marked" limitation implies a limitation that is "more than moderate" but "less than extreme." *Id*.

The claimant will be found to have an "extreme" limitation when his combination of impairments very seriously interferes with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3). The claimant's "day-to-day functioning may be very seriously limited when [the claimant's] impairment(s) limit only one activity or when the interactive and cumulative effects of [the claimant's] impairment(s) limit several activities." *Id*. An "extreme" limitation means a limitation that is "more than marked." An "extreme" limitation is given to the worst limitations. *Id*. "However, 'extreme limitation' does not necessarily mean a total lack or loss of ability to function." *Id*.

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the

Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS ~ 6**

a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. R.S. was 13 years old on the date of the application. AR 21, 96, 201. He was considered an adolescent on the date of the application and the date of the ALJ's decision. AR 21.

## V. The ALJ's Findings

The ALJ determined that R.S. was not disabled under the Social Security Act from October 15, 2013, the date of his application, and denied his application for benefits. AR 19, 35.

**At step one**, the ALJ found that R.S. had not engaged in substantial gainful activity since October 15, 2013, the application date (citing 20 C.F.R. §§ 416.924(b) and 416.971 *et seq.*). AR 21.

**At step two**, the ALJ found R.S. had the following severe impairments: attention deficit-hyperactivity disorder, unspecified learning disorder, mood

disorder, and expressive and receptive communication disorders (citing 20 C.F.R. § 416.924(c)). AR 21.

**At step three**, the ALJ found that R.S. did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1 (citing 20 C.F.R. §§ 416.924, 416.925, and 416.926). AR 22-35

## VI. Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, Plaintiff argues the ALJ erred by: (1) not finding R.S. to have a medically determinable, severe anxiety disorder; (2) improperly evaluating the medical and lay opinion evidence; (3) improperly determining that R.S.'s combination of impairments does not functionally equal the listings; and (4) improperly assessing the Domains and finding R.S. not disabled under the Child Disability Guidelines.

## VII. Discussion

**A. The ALJ did not err by not finding R.S. to have a medically determinable, severe anxiety disorder.**

Plaintiff contends that the ALJ erred by not finding R.S. to have a medically determinable, severe anxiety disorder. ECF No. 14 at 3-5.

At step two in the five-step sequential evaluation for Social Security cases, the ALJ must determine whether a claimant has a medically severe impairment or combination of impairments. An impairment is found to be not severe "when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Yuckert v. Bowen,* 841 F.2d 303, 306 (9th Cir. 1988) (quoting SSR 85-28). Step two is generally "a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F. 683, 687 (9th Cir. 2005) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.1996)).

Under step two, an impairment is not severe if it does not significantly limit a claimant's ability to perform basic work activities. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) (citing 20 C.F.R. § 404.1521(a)(b)). A diagnosis from an "acceptable medical source," such as a licensed physician or certified psychologist, is necessary to establish a medically determinable impairment. 20 C.F.R. § 404.1513(d). Importantly however, a diagnosis itself does not equate to a finding of severity. *Edlund*, 253 F.3d at 1159-60 (plaintiff has the burden of proving this impairment or their symptoms affect her ability to perform basic work activities); *see also Mcleod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011). An alleged impairment must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory

diagnostic techniques and must be established by medical evidence not only by a plaintiff's statements regarding his symptoms. 20 C.F.R. §§ 404.1508, 416.908.

Plaintiff contends that the ALJ should have found anxiety disorder to be a medically determinable, severe impairment. However, Plaintiff points to no diagnosis from an acceptable medical source of anxiety disorder. Medical expert, Dr. Rozenfeld, testified at the hearing that there is no diagnosis of anxiety disorder from an acceptable medical source in the record and Plaintiff's mother also denied that he had ever been diagnosed with anxiety. AR 79-80, 561. As noted above, a diagnosis from an "acceptable medical source," such as a licensed physician or certified psychologist, is necessary to establish a medically determinable impairment. 20 C.F.R. § 404.1513(d); 20 C.F.R. § 416.913(a). "[U]nder no circumstances may the existence of an impairment be established on the basis of symptoms alone," rather, a claimant must provide a diagnosis from an acceptable medical source to establish the existence of a medically determinable impairment. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005-06 (9th Cir. 2005). As there is no diagnosis of anxiety disorder from an acceptable medical source, the ALJ did not err by not including anxiety disorder as a medically determinable, severe impairment as step two.

Furthermore, because R.S. was found to have at least one severe impairment, this case was not resolved at step two. Thus, any error in the ALJ's finding at step

two is harmless, if all impairments, severe and non-severe, were considered in the determination Plaintiff's residual functional capacity. *See Lewis v. Astrue*, 498 F.3d 909, 910 (9th Cir. 2007) (holding that a failure to consider an impairment in step two is harmless error where the ALJ includes the limitations of that impairment in the determination of the residual functional capacity). Here, the ALJ specifically noted that she considered all symptoms and impairments in assessing the residual functional capacity. AR 20, 25. Accordingly, the Court finds the ALJ did not err in the step two analysis, and if any error did occur it was harmless.

**B. The ALJ erred in evaluating some of the opinion evidence.**

**a. Legal Standard.**

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a

treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or his own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

Additionally, "other sources" for opinions include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir.1996). An ALJ is obligated to give reasons germane to "other source" testimony before discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS** ~ 12

### b. Helen Tatunay, M.D.; Jay M. Toews, Ed.D.; and January Pietila.

Dr. Tatunay is a treating doctor who completed a "Domain Statement for Child" in January 2016. AR 426-28. Dr. Tatunay opined that R.S. has marked limitations in attending and completing tasks as well as possibly in interacting and relating with others; R.S. has less than marked limitations in caring for himself; and R.S. has no limitations in acquiring and using information, moving about and manipulating objects, and health and physical well-being. *Id*.

The ALJ did not completely reject Dr. Tatunay's opinion, and afforded the opinion some weight. AR 28. The ALJ discounted Dr. Tatunay's opinion that R.S. has marked limitations in attending and completing tasks and that R.S. has less than marked limitations in caring for himself because these opinions are inconsistent with the overall medical record and the limitations associated with these opinions are well controlled with medication. AR 28-29. These reasons are supported by the record. *See* AR 26, 80, 366, 371, 375, 379, 383, 408, 411, 419, 468, 539-44, 561, 564. An ALJ may reject a doctor's opinion when it is inconsistent with other evidence in the record. *See Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Additionally, Impairments that can be controlled with treatment are not disabling. *See Warre ex rel. E.T. IV v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

The ALJ did not err with regard to the weight assigned to the majority of the opinion as the ALJ's determination is supported by the record. However, the ALJ failed to address one significant portion of the opinion. While difficult to read, Dr. Tatunay opined that R.S. has either marked or less than marked limitations in interacting and relating with others. AR 427. This portion of the opinion was not addressed by the ALJ. *See* AR 28-29. As noted above, an ALJ may reject an opinion that is contradicted by another doctor's opinion only "by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014). Here, the ALJ gave no reasons for not mentioning essentially one sixth of Dr. Tatunay's opinion. That was error. *See id.* ("Where an ALJ does not explicitly reject a medical opinion ... he errs.").

Dr. Toews tested and examined R.S. in February 2014 and provided a "Psychological Evaluation Report" addressing the testing and examination performed. AR 404-10. Dr. Toews provided diagnostic impressions, descriptions of the tests and R.S.'s results and actions throughout testing, and opinion statements regarding R.S.'s functional abilities. *Id.*

The ALJ assigned significant weight to the testing and stated that it showed R.S. has less than marked limitations in acquiring and using information and attending and completing tasks. AR 28. The ALJ assigned some weight to the diagnostic impressions because they were inconsistent with other medical evidence

and not substantiated by the record. *Id*. However, the ALJ did not address or evaluate Dr. Toews' statements regarding R.S.'s abilities and limitations. *See Id*. The evaluation report includes Dr. Toews' opinion statements such as: R.S.'s verbal intellective abilities are in the borderline range; low scores in vocabulary and information suggest he would have difficulties with concept formation and ability to verbalize concepts essential to understanding and expressing thoughts and ideas; R.S.'s score profile and poor vocabulary affecting comprehension and expression concepts would have a severe negative impact on ability to learn and perform academically; R.S.'s results indicate a school adjustment profile in the normal range; psychopathological and inattentiveness and hyperactivity are in the normal range; and R.S. is likely to have some level of appreciation of the difficulties he has learning. AR 407-408. Again, the ALJ gave no reasons for not mentioning Dr. Toews' opinion statements. This was again error because the ALJ must give "specific and legitimate reasons" for rejecting a doctor's opinions. *Garrison,* 759 F.3d at 1012 ("Where an ALJ does not explicitly reject a medical opinion ... he errs.").

January Pietila was R.S.'s 4th grade science and math teacher who completed a "Vanderbilt" assessment in October 2011. AR 310-11. Ms. Pietila opined that R.S. "very often" had difficulties in sustaining attention, following instructions, organizing tasks and activities, and performing tasks requiring

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS** ~ 15

sustained mental effort; he "often" lost things necessary for tasks or activities, was easily distracted, and forgetful; he was "problematic" in assignment completion; he had "somewhat of a problem" in following directions; and he occasionally or never displayed the remaining characteristics in the assessment. *Id*. The opinion of Ms. Pietila falls under the category of "other sources," and the ALJ must give germane reasons for discounting it. *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir.1993).

The ALJ gave no reasons for not mentioning the lay opinion of Ms. Pietila. Defendant contends that the ALJ did not err by not addressing this opinion because it is prior to the alleged onset date and prior to R.S.'s ADHD medications. ECF No. 15 at 17-19. While Defendant is correct that Ms. Pietila's opinion was created prior to R.S.'s ADHD medication regimen, Defendant is incorrect with respect to the argument that this opinion, written in October 2011, is prior to the alleged onset date, of November 1, 2008. Because the ALJ must give germane reasons for discounting a lay witness opinion, the ALJ erred by failing to mention Ms. Pietila's opinion. *See Dodrill*, 12 F.3d at 915.

All three of the above ignored opinions potentially affect the remaining contested evidence of record, including the testimony of R.S.'s mother, the applicable Listings, and the limiting effects of R.S.'s impairments. Thus, it is error for these opinions to not receive consideration. "[A] reviewing court cannot consider [] error harmless unless it can confidently conclude that no reasonable

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS** ~ 16

ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006). However, the extent of the effect of these opinions is not immediately clear and further administrative proceedings are necessary.

Because the unaddressed opinions can negatively impact the ALJ's decision and have not been properly considered, remand to the ALJ for further consideration is in order to allow the Commissioner to evaluate the opinions and to reconsider its decision in light of this opinion evidence.

**C. Remedy.**

The Court has the discretion to remand the case for additional evidence and findings or to award benefits. *Smolen*, 80 F.3d at 1292. The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose. *Id*. Remand is appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). In this case, the Court finds that further proceedings are necessary for a proper determination to be made.

As the Court finds that remand for additional findings is appropriate, the Court need not address Plaintiff's additional allegations of error. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011) ("Remand for further proceedings is appropriate where there are outstanding issues that must be resolved

before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated."). Further, Plaintiff's request for an immediate award of benefits is denied as further proceedings are necessary to develop the record.

On remand, the ALJ will issue a new decision that is consistent with the applicable law set forth in this Order. The ALJ will, formally consider the unaddressed opinions and the limitations set forth within. The ALJ shall then evaluate the applicable Listings and the Domains in the new decision issued.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is not supported by substantial evidence and contains legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED in part.**

2. Defendant's Motion for Summary Judgment, **ECF No. 15,** is **DENIED.**

3. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

///

///

///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN PART AND REMANDING FOR FURTHER PROCEEDINGS** ~ 18

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this Order.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 3rd day of December 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge